### Joseph Parks *vs.* Warren Cressey.

Penobscot. Opinion January 10, 1885.

*Suit for taxes. Demand. R. S., c. 6, § 141.*

In order for a collector of taxes to maintain an action under R. S., c. 6,§ 141, he must show that he made a demand on the defendant for his taxes, so formal and explicit that the defendant would know that a suit might follow if he neglected to comply with the demand.

On report.

An action by the collector of taxes of the town of Glenburn to recover the taxes assessed against the defendant, a resident of that town, for the years 1874, 1875 and 1876.

The writ was dated December 20, 1881.

The plaintiff was appointed collector December 10, 1881, to complete the collection of the 1875 taxes in the place of William B. Elliott who had deceased. The case showed that the former collector, Elliott, arrested the defendant on the warrant for the 1875 taxes and he was committed and discharged under the poor debtor law.

*A. L. Simpson,* for the plaintiff, contended that an arrest of the defendant by a former collector, who had deceased, upon his warrant was a sufficient demand and notice to the defendant, to comply with the statute, and that the new collector, this

plaintiff, commenced where the former collector left off, and the demand by the former enured to the benefit of the new collector and enabled him to maintain this suit.

*Davis and Bailey*, for the defendant.

PETERS, C. J.   Only the tax of 1875 is now involved in this case.   The other taxes sued for are disposed of in another suit. The plaintiff must fail for want of proof of a demand of the tax. The statute (R. S., c.  6, § 141) authorizes any collector, after due notice, to sue for a tax.   We think a special demand was intended by the legislature.   The design was to prevent the indulgence of a temptation to make costs.   The idea of notice is, that by reason of the demand the tax-payer may know that by a refusal or neglect to pay the taxes he may be sued for them. The collector need not inform him that he will be sued if he does not pay.   Still, the demand should be so formal and explicit that he would know that a suit might follow for his omission to comply with the demand.   A written request mailed to the person taxed is not sufficient.   It should be a personal demand, made by the collector or some authorized agent, unless such a demand be excused by the absence of the debtor from home or by some other good reason.   It is not shown that any such notice was given.

*Plaintiff nonsuit.*

DANFORTH, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.